IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMINE BONFIGLIO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 2:09-cv-04117-ER |
| | : | |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S
MOTION FOR SUMMARY JUDGMENT AS TO ALL OF PLAINTIFF'S CLAIMS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Diversified Adjustment Service, Inc. ("Defendant") hereby moves this Court for an Order granting it summary judgment as to all claims asserted by Plaintiff.

**I.  INTRODUCTION**

Plaintiff has asserted several claims against Diversified Adjustment Service, Inc. ("Diversified") based upon Diversified's attempt to collect on an account from Plaintiff. As discussed below, Plaintiff's claims lack any evidentiary support. Therefore, Plaintiff's claims must be dismissed.

**II.  FACTUAL BACKGROUND**

1. On September 28, 2008, Nextel Sprint electronically referred Plaintiff's account to Diversified for collection. *See* Affidavit of Mike Holtz, ¶ 3 (attached hereto as Exhibit A).

2. On September 29, 2008, Diversified sent its initial correspondence to Plaintiff. *Id*. at ¶ 5. The correspondence stated in pertinent part as follows:

> **Important Federal Law.** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such

>    judgment or verification. If you request this office in writing
>    within 30 days after receiving this notice, this office will provide
>    you with the name and address of the original creditor, if different
>    the current creditor.

*Id.*

3. Diversified did not receive anything from Plaintiff in response to its September 29, 2008 correspondence. *Id*. at ¶ 6.

4. Diversified subsequently attempted to telephone Plaintiff in September and October of 2008 in an attempt to collect on the account. *Id*. at ¶ 7. However, the number Diversified called was a wrong number for Plaintiff. *Id*. According to Diversified's account records, Diversified last attempted to telephone Plaintiff on October 15, 2008. *Id*. Diversified never reached Plaintiff by telephone. *Id.*

5. On November 19, 2008, Diversified furnished Plaintiff's account to the credit bureaus. *Id*. at ¶ 8.

6. On November 27, 2008, Diversified sent its second correspondence to Plaintiff. *Id*. at ¶ 9. A copy of Diversified's correspondence is attached to Plaintiff's Amended Complaint as Exhibit A.

7. On January 23, 2009, Diversified finally received correspondence from Plaintiff. *Id*. at ¶ 10. The correspondence stated in pertinent part as follows:

>    I am writing in response to your letter dated November 27, 2008
>    (copy enclosed). This is the first letter I've received from you on
>    this matter.
>
>    I do not believe that I owe what you say I owe, and I request that
>    you please do the following:
>
>    - Tell me what this money that you say I owe is for
>    - show me how you calculated what you say I owe
>    - give me copies of any papers that show I agreed to pay
>      what you say I owe

- stop contacting me about this or any other matter you have, except to provide me with proof that owe what you say I owe.

  I demand that you also send a copy of this dispute to the company that you say I owe money to, so that they do not report this on my credit report.

  I further demand that if you have reported me to a credit reporting company, you tell them that I do not agree with this debt.

*See* Exhibit B to Plaintiff's Amended Complaint.

8. On January 23, 2009, Diversified ceased all collection activity on Plaintiff's account upon receiving Plaintiff's correspondence. *See* Holtz Affidavit, ¶ 11.

9. On February 24, 2009, Diversified received additional correspondence from Plaintiff. *Id*. at ¶ 12. The correspondence stated in pertinent part as follows:

> Re:   INACCURATE REPORTING OF INFORMATION TO CREDIT REPORTING AGENCY
>
> To Whom It May Concern:
>
> You are reporting inaccurate information about me to credit reporting agencies. I demand that you stop reporting this inaccurate information. The specific details of the information that I have is below. I have submitted a dispute to Equifax Information Services and asked for a reinvestigation to correct or remove this information that you are reporting.
>
> The specific information on my credit report of which I am aware at this time regarding the inaccurate information that you are reporting is as follows;
> Account Name: Diversified Adjustments –Sprint
> Account Number: 969XXXX
> Reason Why Inaccurate: No evidence of collection or ownership of account
>
> I demand that you stop reporting this inaccurate information. When the credit reporting agencies request verification of this matter, I demand that you not verify the inaccurate information you have provided to date. I demand that you correctly note my dispute regarding this account with anyone or entity that you

>legally communicate with about this matter. I also demand that you refrain fro selling this debt with the inaccurate information or otherwise attempt to collect upon it.
>
>Please also respond to this letter by telling me what action you are going to take on this matter.

*See* Exhibit B. to Plaintiff's Amended Complaint.

    10. On March 29, 2009, Plaintiff's account was canceled. *See* Holtz Affidavit, ¶ 13.

    11. April 8, 2009, a request to delete Plaintiff's account was sent to the credit bureaus. *Id.* at ¶ 14.

    12. In his Amended Complaint, Plaintiff alleges that he never received Diversified's Initial Notice that was sent on September 29, 2008. *See* Amended Complaint, ¶ 11. According to Plaintiff, he first received a letter from Diversified on January 1, 2009, which was the settlement letter dated November 27, 2008. *Id.* Plaintiff points out that the November 27, 2008 letter did not contain the required validation notice pursuant to 15 U.S.C. 1692g(a) of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* Plaintiff also contends that on January 1, 2009, Diversified made a harassing phone call to Plaintiff and that Plaintiff disputed the debt during the telephone conversation. *Id.* at ¶ 12. In addition, Plaintiff asserts that Diversified never provided a verification of the debt in response to his first letter sent on January 19, 2009. *Id.* at ¶ 14. Instead, according to Plaintiff, Defendant continued to call and harass him. *Id.* Moreover, Plaintiff again sent a letter to Diversified on February 19, 2009 requesting that Diversified cease all calls. *Id.* at ¶ 15. Yet, according to Plaintiff, Diversified continued to make harassing calls. *Id.* at ¶ 17. Plaintiff also contends that Diversified failed to report the account as disputed. *Id.* at ¶ 16.

    13. Plaintiff asserts claims under §§ 1692d, 1692d(5), 1692c, 1692e(8), 1692e(10), 1692f, and 1692g of the FDCPA. *Id.* at ¶ 30. Plaintiff also asserts claims under the

Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") as well as a common law claim for invasion of privacy/false light. *Id.* at ¶¶ 37, 41.

### III. LAW AND ANALYSIS

#### A. Standard of Review

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).

#### B. Plaintiff's claims under §1692g must be dismissed as there is no evidence to support the claims

Plaintiff cannot prevail on his claims that Diversified violated 15 U.S.C. § 1692g by failing to provide him notice of his rights under the FDCPA. Section 1692g(a) requires that a debt collector *send* a debtor with a notice of debt. This notice of debt must provide the following:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id*. The case law interpreting section 1692g(a) is clear: "'[A] debt collector shall . . . **send** the consumer a written notice. . . .' 15 U.S.C. §1692g(a) (emphasis added). Nowhere does the statute require receipt of the Notice." *Mahon v. Credit Bureau, Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999); *see also Johnson v. Revenue Management Corp*, 52 F.Supp.2d 889, 892 (N.D.Ill.,1999); *Sambor v. Omnia Credit Services, Inc.*, 183 F.Supp.2d 1234, 1242 (D. Hawai'i, 2002). Thus, §1692g(a) only requires that a debt collector send the notice of debt. *Mahon*, 171 F.3d at 1201. Moreover, the written notice is only required to be sent to the consumer one time. *Higgins v. Capitol Credit Services, Inc.*, 762 F.Supp. 1128, 1134 (D.Del.,1991); *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 417 (7th Cir., 2005).

In this case, on September 29, 2008, Diversified sent its first correspondence to Plaintiff. *See* Holtz Affidavit, ¶ 5. This first correspondence included the notice that is required pursuant to 15 U.S.C. § 1692g(a). *Id*. Plaintiff has no evidence to refute that Diversified sent him the notice of debt. Diversified is not required to insure that Plaintiff received the notice of debt. Accordingly, Diversified did not violate 15 U.S.C. § 1692g(a) and Plaintiff cannot prevail on his claim.

Additionally, Plaintiff cannot prevail on his claim that Diversified failed to provide a verification of the debt in response to his first letter sent on January 19, 2009. Plaintiff's rights under 15 U.S.C. §1692g(a) had lapsed at the time she sent her letter. Pursuant to §1692g(a), a

right to request verification lapsed thirty days after receipt of Diversified's initial correspondence sent on September 29, 2008.  *See Parker v. Pressler & Pressler, LLP*, 650 F.Supp.2d 326, 342 (D.N.J., 2009); *Senftle v. Landau*, 390 F.Supp.2d 463, 475 (D. Md., 2005); *Camacho v. Bridgeport Financial Inc.*, 430 F.3d 1078, 1082 (9th Cir., 2005)("Congress' intent in enacting §1692g was to provide an alleged debtor with 30 days to question and respond to the initial communication of a collection agency.")

Moreover, even if Plaintiff's rights under §1692g(a) had not lapsed, Plaintiff could not prevail on his claim because Diversified ceased all collection activity after it received Plaintiff's letter on January 23, 2009.  *See* Holtz Affidavit, ¶ 8.  "The plain language of § 1692g(a) does not actually require validation to be sent to a debtor within a certain amount of time, or ever." *Sambor*, 183 F.Supp.2d at 1242.  "Section 1692g(b) thus gives debt collectors two options when they receive requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities." *Jang v. A.M. Miller & Assocs.,* 122 F.3d 480, 483 (7th Cir., 1997); *see also Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1031-32 (6th Cir., 1992) (stating that the FDCPA is not violated when a debt collector ceases collecting a debt even though the).  In this matter, Diversified ceased all collection activity on Plaintiff's account the same day it received Plaintiff's correspondence.  In fact, Diversified did not even attempt to telephone Plaintiff after October 15, 2008.  *See* Holtz Affidavit, ¶ 7.  Plaintiff has no evidence to dispute these facts.

Accordingly, Plaintiff cannot prevail on his claims under 15 U.S.C. § 1692g.

    **C.**     **Plaintiff's claims under §1692e(8) must be dismissed as there is no evidence to support the claims**

Plaintiff cannot prevail on a claim under 15 U.S.C. § 1692e(8) of the FDCPA.  Section 1692e(8) prohibits "communicating to any person credit information which is known or which

should be known to be false, including the failure to communicate that a disputed debt is disputed." In this matter, Diversified did more than simply mark Plaintiff's account as disputed. On April 8, 2009, Diversified requested that Plaintiff's account be deleted from her credit report. *See* Holtz Affidavit, ¶ 14. Plaintiff's claim is simply baseless.

Even if Diversified had not requested the deletion of Plaintiff's account, Plaintiff's claim would still fail. Diversified did not have an affirmative duty to mark Plaintiff's account as disputed because Plaintiff disputed the account after Diversified furnished the account to the credit bureaus. *See e.g. Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir., 2008); *Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678, 17 (S.D.N.Y., Feb. 26, 2006); *Burgi v. Messerli & Kramer PA*, 2008 WL 4181732, * 6 (D.Minn., Sept. 5,2008). The Federal Trade Commission's commentary on §1692e(8) states as follows:

> 1.   Disputed debt. If a debt collector knows that a debt is disputed by the consumer ... and reports it to a credit bureau, he must report it as disputed.
>
> **2.   Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.**

FTC Staff Commentary, 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988) (emphasis added). In this matter, on September 29, 2008, Diversified sent Plaintiff a notice of his right to dispute the debt within thirty days. *See* Holtz Affidavit, ¶ 5. Unfortunately, Plaintiff never responded and on November 19, 2008, Diversified furnished Plaintiff's account to the credit bureaus. *Id*. at ¶ 8. Therefore, even if Diversified had not requested the deletion of Plaintiff's account, Diversified did not have an obligation to report Plaintiff's subsequent dispute.

Accordingly, Plaintiff cannot prevail on his claims under 15 U.S.C. § 1692e(8).

### D. Plaintiff's remaining claims under the FDCPA must be dismissed as there is no evidence to support the claims

Plaintiff's remaining claims under the FDCPA are without merit. Plaintiff alleges that Diversified violated §1692e(10) by the use of false and deceptive means to collect on the debt. Plaintiff alleges that Diversified violated §1692d by engaging in conduct the natural consequence is which to harass, oppress and abuse Plaintiff. Plaintiff alleges that Diversified violated §1692f by using unfair and unconscionable means to collect on a debt. Plaintiff alleges that Diversified violated §1692c by communicating with Plaintiff after being requested to stop calling. All of these claims are based on the false premise that Diversified continued to telephone Plaintiff and harass him. Plaintiff has no evidence to support these vague claims. As discussed, the number Diversified called was a wrong number for Plaintiff. *See* Holtz Affidavit, ¶ 7. Diversified never reached Plaintiff by telephone. *Id*. Consequently, Diversified is entitled to summary judgment on all of these claims.

### E. Plaintiff's state claims must be dismissed as there is no evidence to support the claims

Diversified is entitled to summary judgment as to Plaintiff's claims under the FCEUA and UTPCPL as well as his claim for invasion of privacy/false light because the evidence shows that there was no violation. Plaintiff's claims are entirely derivative of his claims under the FDCPA. *See* Amended Complaint, generally. Plaintiff has not alleged any independent conduct on behalf of Diversified to support these claims. Thus, since Plaintiff's claims under the FDCPA are without merit, Plaintiff's claims under the FCEUA and UTPCPL as well as his claim for invasion of privacy/false light must be dismissed as well. Consequently, Diversified is entitled to summary judgment as to Plaintiff's claims under the FCEUA and UTPCPL as well as his claim for invasion of privacy/false light.

**IV.     CONCLUSION**

As explained above, Plaintiff's claims must fail.  Plaintiff cannot point to evidence to create a genuine issue of material fact, and Diversified Adjustment Service, Inc. is entitled to judgment as a matter of law.  Therefore, Diversified Adjustment Service, Inc. respectfully requests that this Court enter an Order granting it summary judgment with respect to all of Plaintiff's claims.

                          FINEMAN KREKSTEIN & HARRIS, P.C.

             By      /S/ Richard J. Perr
                          RICHARD J. PERR, ESQUIRE (PA 72883)
                          BNY Mellon Center
                          1735 Market Street, Suite 600
                          Philadelphia, PA  19103-7513
                          (v) 215-893-9300; (f) 215-893-8719
                          e-mail: rperr@finemanlawfirm.com
                          Attorneys for Defendant

Dated:      September 8, 2010

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

>Mark D. Mailman, Esquire
>Geoffrey H. Baskerville, Esquire
>Francis & Mailman, P.C.
>Land Title Building, 19th Floor
>100 South Broad Street
>Philadelphia, PA  19110
>(v) 215-735-8600; (f) 215-940-8000
>mmailman@consumerlawfirm.com;
>gbaskerville@consumerlawfirm.com
>>Attorneys for Plaintiff

>>/S/ Richard J. Perr
>>RICHARD J. PERR, ESQUIRE

Dated:   September 8, 2010